UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MELISSA GUERRERO PENA,<br><br>Defendant. | CRIMINAL NO.: 15cr10246<br><br>VIOLATION:<br><br>Count One:<br>18 U.S.C. § 545<br>(Smuggling Goods Into the United States)<br><br>Count Two:<br>21 U.S.C. §§ 952 and 960<br>(Importation of Cocaine)<br><br>18 U.S.C. § 982 and 21 U.S.C. § 853<br>(Forfeiture Allegation) |

## INDICTMENT

The Grand Jury charges that:

**COUNT ONE:**   (18 U.S.C. § 545 – Smuggling Goods Into the United States)

On or about July 31, 2015, in the District of Massachusetts,

**MELISSA GUERRERO PENA,**

defendant herein, did fraudulently and knowingly import and bring into the United States merchandise contrary to law, to wit a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. § 952(a) (prohibiting the importation of controlled substances), knowing the same to have been imported and brought into the United States contrary to law.

All in violation of Title 18, United States Code, Section 545.

**COUNT TWO:**	(21 U.S.C. §§ 952 and 960 – Importation of Cocaine)

The Grand Jury further charges that:

On or about July 31, 2015, from the country of the Dominican Republic,

**MELISSA GUERRERO PENA,**

defendant herein, did intentionally and knowingly import into the United States a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 952(a) and 960.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 982 and 21 U.S.C. § 853)

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this Indictment,

**MELISSA GUERRERO PENA,**

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B) and 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

2. If any of the property described in paragraph 1 above, as a result of any act or omission of the defendant –

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All pursuant to 18 U.S.C. §§ 545 and 982(a)(2)(B), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

A TRUE BILL:

_Kathryn Hanson_
Foreperson of the Grand Jury

_Seth B. Orkand_
Assistant U.S. Attorney

District of Massachusetts; August 27, 2015.

Returned into the District Court by the Grand Jurors and filed.

_Rita Lovett_
Deputy Clerk  8/27/15 C
3:30 p.